UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| VERNON NORMAN EARLE, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 16-0884 (ABJ) |
| IMMIGRATION AND NATURALIZATION SERVICE, *et al.*, | ) ) ) ) | |
| Respondents. | ) ) ) | |

## MEMORANDUM OPINION

Petitioner is a District of Columbia prisoner currently incarcerated at the Hazelton Federal Correctional Institution in Bruceton Mills, West Virginia. He is serving an aggregate sentence of 20 years to life for multiple convictions that include first-degree murder while armed, assault with a dangerous weapon, and two counts of assault with intent to kill while armed. *See Earle v. U.S.*, 808 F. Supp. 2d 301, 302 (D.D.C. 2011). In this action, petitioner seeks a writ of mandamus under 28 U.S.C. § 1361 to compel his deportation to his home country of Jamaica, in accordance with a removal order issued on May 15, 1995.

In response to the court's order to show cause why the writ should not issue, the respondents, Immigration and Naturalization Service ("INS") and United States Attorney General, have moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [Dkt. # 13]. In addition to asserting lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, respondents argue that petitioner's claims were previously adjudicated and are thus precluded by *res judicata* and collateral estoppel. As explained below, the Immigration

and Nationality Act ("INA") divests this court of jurisdiction over petitioner's claim. So the court will grant respondent's motion without addressing the preclusion arguments.

## BACKGROUND

Petitioner is a Jamaican national who came to the United States on January 3, 1976, "on a permanent Residency Visa." Pet. at 2. On June 13, 1985, petitioner was arrested at his home in Washington, D.C. on the charges that eventually led to his convictions on November 3, 1986, and June 2, 1987, following separate jury trials in the Superior Court of the District of Columbia. *See id*. at 2-3.

On December 16, 1991, the INS lodged a detainer with authorities at the United States Penitentiary in Lompoc, California, where petitioner was then incarcerated, to ensure that petitioner would be remanded to the custody of the INS to face deportation proceedings once he was released from the custody of the Bureau of Prisons. On May 15, 1995, following an immigration status hearing, INS "found" petitioner "to be deportable" and issued the order of removal that forms the basis of this mandamus action. Pet. at 3.

Citing the Immigration and Nationality Act that he claims was in effect in 1995, petitioner contends here that he should have been deported within six months of the removal order. Pet. at 4-5. In 2001, the United States District Court for the District of New Mexico rejected that argument in habeas corpus proceedings held there. *See* Resp't's Ex. 1 [Dkt. # 13-1]. The U.S. Court of Appeals for the Tenth Circuit noted when denying a certificate of appealability that petitioner had sought "issuance of an order requiring his immediate deportation so that he would not be required to complete his state-ordered prison terms." *Earle v. I.N.S*, 50 Fed. App'x 393, 394 (10th Cir. 2002). The Tenth Circuit agreed that the district court "had no 'jurisdiction to order that [Mr.] Earle's [state] sentence be cut short so that he may be deported immediately." *Id*.

(alterations in original).  Petitioner filed this mandamus action some 14 years later, in May 2016, to compel the same relief.

## ANALYSIS

Federal courts are courts of limited jurisdiction, and the law presumes that "a cause lies outside this limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction.").  The INA provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or *execute removal orders* against any alien under this chapter.

8 U.S.C. § 1252(h) (emphasis added).  The INA expressly strips the district courts of jurisdiction "to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) or 1227(a)(2)(A)(iii)," which includes crimes of moral turpitude and aggravated felonies, respectively.[1]  8 U.S.C. § 1252(a)(2)(C).

---

[1]  Although "the term 'moral turpitude' is not defined anywhere in the INA and . . . the INA's legislative history sheds no light on Congress's intent," *Michel v. I.N.S.*, 206 F.3d 253, 262 (2d Cir. 2000), it is reasonably safe to conclude for purposes of resolving the instant motion that petitioner's convictions qualify under the statute.  *See Cabral v. I.N.S.*, 15 F.3d 193, 195 (1st Cir. 1994) (noting that "voluntary murder is universally recognized as a [crime involving moral turpitude]") (citations omitted)); Resp't's Ex. 1, *Earle v. INS*, No. Civ 01-158 JP/LFG, Mag. Judge's Findings ¶ 7 ("Earle was convicted of first degree murder under the law of the District of Columbia, and he therefore falls within the class of deportable aliens under either or both of these subsections.") (citations omitted)).

As to the specific relief sought in this action, the INA provides:

> (A) [Except with respect to nonviolent offenders], the Attorney General may not remove an alien who is sentenced to imprisonment until the alien is released from imprisonment. Parole, supervised release, probation, or possibility of arrest or further imprisonment is not a reason to defer removal. . . . (D) No cause or claim may be asserted under this paragraph against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien.

8 U.S.C. § 1231(a)(4).  Petitioner does not qualify under the exception, and he is in prison. Therefore, petitioner has no current right to be deported.  And absent a "clear and indisputable" right to the requested relief, the extraordinary remedy of a writ of mandamus is simply unavailable. *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation and internal quotation marks omitted); *see Sjogreen v. Reno*, 943 F. Supp. 29, 30 (D.D.C. 1996), quoting *United States v. Velasquez*, 930 F. Supp. 1267, 1268 (N.D.Ill. 1996) ("The decision to deport an alien who is . . . currently incarcerated 'is left to the sole and unfettered discretion of the Attorney General.' ").

## CONCLUSION

For the foregoing reasons, this case will be dismissed for want of subject matter jurisdiction.  A separate order accompanies this Memorandum Opinion.

/s/ Amy B Jackson

AMY BERMAN JACKSON
United States District Judge

DATE:  March 9, 2017